Heric FEHRENBACH, Plaintiff-Appellant,

v.

RAILWAY EXPRESS AGENCY, Inc., Defendant-Appellee.

No. 11175.

United States Court of Appeals, Seventh Circuit.

Oct. 12, 1954.

Stephen E. Gavin, Jr., John P. Desmond, Kenneth M. Orchard, Madison, Wis., for plaintiff-appellant, Heric Fehrenbach.

William J. P. Aberg, Edwin Conrad, Madison, Wis., for defendant-appellee, Railway Exp. Agency, Inc.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Plaintiff purchased three dogs from defendant, Erwin A. Kopp, and defendant Railway Express Agency, Inc. carried them from Jefferson Junction, Wisconsin, to plaintiff in Bay City, Michigan. In his action, filed below, plaintiff alleged that at least one dog, at the time of shipment, was infected with a contagious and communicable disease, from which one such dog died, as did others in the kennels owned and operated by plaintiff. Damages sought to be recovered were predicated upon a failure to obtain, furnish and require a veterinarian's certificate of health under a Michigan administrative regulation. That portion of plaintiff's action against Kopp went to the jury, which was unable to agree.

By his ruling, the trial judge dismissed plaintiff's complaint against Railway Express Agency, Inc., refusing to submit this aspect of plaintiff's case to the jury. Parenthetically, we note that during oral argument here, counsel for plaintiff stated that no motion for judgment against Railway Express Agency, Inc., on the pleadings, was made below. On the other hand the motion for summary judgment on the pleadings made by Railway Express Agency, Inc., was denied.

We are confronted with an emaciated original transcript of record, consisting of assorted pleadings, orders and a reported bit of colloquy between court and counsel. Such state of incompleteness prevents us from reporting salient facts in this opinion, let alone attempting to review rulings of the district judge urged as error by plaintiff. In re Chapman Coal Co., 7 Cir., 1952, 196 F.2d 779, 785; Fed.R.Civ.P. 75, 28 U.S.C.A. Nor can we erect our decision on presumptions of regularity conveniently suggested on plaintiff's behalf.

Our business is with matters in, and the contents of, the record made at the trial level. Speculation is a luxury in which reviewing courts cannot afford to indulge. The judgment of the district court is affirmed.

Affirmed.